T.C. Memo. 2003-273

UNITED STATES TAX COURT

AJUBA GAYLORD, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket Nos. 14840-02, 16962-02.    Filed September 22, 2003.

Ajuba Gaylord, pro se.

<u>Milan K. Patel</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

KROUPA, <u>Judge</u>:  Respondent determined deficiencies in
petitioner's Federal income taxes for the years 1999 and 2000 of
$3,576 and $2,524, respectively, and determined penalties under

section 6662(a)[1] in the amounts of $715 for 1999 and $504 for 2000.

After concessions,[2] the issues to be decided are:

(1) Whether petitioner is entitled to deductions for various expenses claimed on Schedule C, Profit or Loss From Business, for the taxable years 1999 and 2000.  We find that petitioner is entitled to some of the deductions.

(2) Whether petitioner is eligible for head-of-household filing status in 2000 and a dependency exemption deduction for her brother for that year.  We hold she is not.

(3) Whether petitioner is liable for accuracy-related penalties pursuant to section 6662(a) for the years at issue.  We hold she is.

### FINDINGS OF FACT

Some of the facts have been stipulated and are so found. The stipulation of facts, the second stipulation of facts, and the attached exhibits are incorporated herein by this reference. At the time the petition was filed, petitioner resided in New York, New York.

---

[1] Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the years at issue.  All Rule references are to the Tax Court Rules of Practice and Procedure.

[2] The concessions of petitioner and respondent, as well as the amounts which remain in dispute, are detailed in table 2, infra p. 5.

During the years in question, petitioner was employed full time as an administrative assistant by Columbia University, from which she reported wage income of $40,329 for 1999 and $39,824 for 2000.

In addition to her position as an administrative assistant, petitioner was working as a "field trainer" for American Communications Network (American), a telecommunications company that provides, inter alia, long-distance, Internet, and paging services. Petitioner commenced working for American in 1996 and was primarily involved in the solicitation of customers for the company. Petitioner sought to attract customers by holding receptions at her home every weekend and occasionally on weekdays. She also attended individual meetings with customers to discuss the business. Petitioner's compensation for her work for American consisted of a percentage of her customers' phone bills.

Petitioner filed her Federal income tax returns for 1999 and 2000 as a head of household and claimed, for each year, a dependency exemption deduction for her brother. With respect to her work for American, on Schedule C petitioner reported gross income of $657 for 1999 and $327 for 2000 and claimed numerous deductions resulting in net losses from the activity for those years of $26,715 and $25,902, respectively. In addition to the Schedule C deductions, petitioner filed a Schedule A, Itemized

Deductions, with her 2000 return on which she claimed $4,565 in deductions for unreimbursed employee business expenses incurred in connection with her employment as an administrative assistant.

Respondent issued a notice of deficiency for 1999 in which he made adjustments to the Schedule C deductions petitioner claimed. In the notice of deficiency for 2000, respondent denied petitioner the head-of-household status and dependency exemption deduction, disallowed the Schedule A deductions in their entirety, and made adjustments to the Schedule C deductions petitioner claimed. The Schedule C adjustments respondent made for 1999 and 2000 are laid out in the following table 1:

Table 1

| Schedule C Deductions | 1999 | | | 2000 | | |
|---|---|---|---|---|---|---|
| | Claimed | Allowed | Dis-allowed | Claimed | Allowed | Dis-allowed |
| Advertising | -- | -- | -- | $284 | $284 | -- |
| Legal & professional | $147 | -- | $147 | 288 | 288 | -- |
| Office expenses | 5,200 | -- | 5,200 | 6,701 | 4,500 | $2,201 |
| Rent | 7,883 | -- | 7,883 | 5,223 | -- | 5,223 |
| Repair and maintenance | -- | -- | -- | 215 | -- | 215 |
| Travel | 1,605 | $1,605 | -- | 987 | 741 | 246 |
| Meals & entertainment | 2,151 | -- | 2,151 | 2,357 | -- | 2,357 |
| Utilities | 3,120 | -- | 3,120 | 3,613 | 2,357 | 1,256 |
| Business meetings | 1,221 | -- | 1,221 | 685 | 390 | 295 |
| Business gifts | 404 | -- | 404 | 502 | -- | 502 |
| Transportation | 1,949 | 1,949 | -- | 2,502 | -- | 2,502 |
| Cellular-phone/pager | 3,692 | -- | 3,692 | 2,836 | 2,260 | 576 |
| Subscriptions | -- | -- | -- | 36 | -- | 36 |
| Total | 27,372 | 3,554 | 23,818 | 26,229 | 10,820 | 15,409 |

Respondent disallowed the Schedule C and Schedule A deductions on the grounds that they were not ordinary and necessary, lacked sufficient substantiation, or were personal. Likewise, respondent denied petitioner's entitlement to head-of-household filing status and the dependency exemption deduction on account of her failure to substantiate that: (1) Her brother lived with her; (2) she provided more than half of his support; and (3) he did not earn more than the statutory amount.

At trial, the parties entered into a stipulation wherein petitioner conceded the entire amount of the Schedule A deductions. With respect to the Schedule C deductions, the parties' concessions are set forth in table 2:

Table 2

1999

| Schedule C Deductions | Claimed | Previously allowed | Additional allowed | Petitioner conceded | Disputed |
|---|---|---|---|---|---|
| Legal & professional | $147 | -- | $82 | $65 | -- |
| Office expenses | 5,200 | -- | 427 | 1,228 | $3,545 |
| Rent | 7,883 | -- | -- | 7,883 | -- |
| Travel | 1,605 | $1,605 | -- | -- | -- |
| Meals & entertainment | 2,151 | -- | -- | 1,890 | 261 |
| Utilities | 3,120 | | -- | 2,623 | 497 |
| Business meetings | 1,221 | -- | -- | 469 | 752 |
| Business gifts | 404 | -- | -- | 242 | 162 |
| Transportation | 1,949 | 1,949 | -- | -- | -- |
| Cellular-phone/pager | 3,692 | -- | 335 | 1,515 | 1,842 |
| Total | 27,372 | 3,554 | 844 | 15,915 | 7,059 |

2000

| Schedule C Deductions | Claimed | Previously allowed | Additional allowed | Petitioner conceded | Disputed |
|---|---|---|---|---|---|
| Advertising | $284 | $284 | -- | -- | -- |
| Legal & professional | 288 | 288 | -- | -- | -- |
| Office expenses | 6,701 | 4,500 | -- | $2,201 | -- |
| Rent | 5,223 | -- | -- | 5,223 | -- |
| Repairs and maintenance | 215 | -- | $215 | -- | -- |
| Travel | 987 | 741 | -- | 246 | -- |
| Meals & entertainment | 2,357 | -- | -- | 1,243 | $1,114 |
| Utilities | 3,613 | 2,357 | -- | 1,256 | -- |
| Business meetings | 685 | 390 | -- | 295 | -- |
| Business gifts | 502 | -- | -- | 191 | 311 |
| Transportation | 2,502 | -- | -- | 2,502 | -- |
| Cellular- phone/pager | 2,836 | 2,260 | -- | 576 | -- |
| Subscriptions | 36 | -- | 36 | -- | -- |
| Total | 26,229 | 10,820 | 251 | 13,733 | 1,425 |

Allowing for these concessions, therefore, the Schedule C deductions that remain in dispute are those taken for:  (1) Office expenses; (2) meals and entertainment expenses; (3) utilities; (4) business meeting expenses; (5) business gifts; and (6) use of the cellular phone.

OPINION

At the outset, we note that it is petitioner who bears the burden of proving that respondent's determination of income tax deficiencies is incorrect.  See Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933).[3]

_____

[3] Sec. 7491 does not apply in this case to shift the burden of proof to respondent because petitioner neither alleged that sec. 7491 was applicable nor established that she fully complied with the requirements of sec. 7491(a)(2).

A.    Schedule C Deductions

Section 162(a) allows a taxpayer deductions for ordinary and necessary business expenses incurred during the taxable year in carrying on a trade or business.  Deductions, however, are a matter of legislative grace, and the taxpayer bears the burden of proving the entitlement to any deductions claimed.  See INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992).  Generally, a taxpayer must establish that deductions taken pursuant to section 162 are ordinary and necessary business expenses and must maintain records sufficient to substantiate the amounts of the deductions claimed.  Sec. 1.6001-1(a), Income Tax Regs.

With respect to certain business expenses specified in section 274(d), however, more stringent substantiation requirements apply.  Section 274(d) disallows deductions for traveling expenses, gifts, and meals and entertainment, as well as for "listed property", unless the taxpayer substantiates by adequate records or by sufficient evidence corroborating the taxpayer's own statement:  (1) The amount of the expenses; (2) the time and place of the expense; (3) the business purpose of the expense; and (4) the business relationship to the taxpayer of the persons involved in the expense.  The term "listed property" is defined in section 280F(d) and includes cellular phones.  See sec. 280F(d)(4)(v).

1. <u>Office Expenses</u>

Petitioner contests respondent's disallowance of $3,545 in deductions for office expenses incurred during 1999. These expenses include, according to petitioner's testimony and receipts she produced, outlays for music CDs, videos, home cleaning products, packs of Kleenex, napkins, a laptop computer, computer hardware, batteries, certain office supplies, and postage.

At trial, petitioner presented receipts and bank statements to substantiate her office-related expenses.  Some of the receipts simply indicate the amount paid but do not contain any itemization from which the nature of the items purchased can be ascertained.  The only available evidence to that effect is petitioner's own self-serving testimony, which we are not required to accept, and which we do not, in fact, find to be credible.  See <u>Niedringhaus v. Commissioner</u>, 99 T.C. 202, 219 (1992).  Thus, with regard to the expenses for which there are no adequate receipts, petitioner's claim fails for lack of substantiation.

With respect to expenses that are supported by adequate receipts, there are items we find to be related to petitioner's business and therefore deductible.  These are expenses for office supplies, totaling some $44.[4]  Additionally, while petitioner

---

[4] These comprise expenses for bookmarks, markers, writing
                                                    (continued...)

failed to submit adequate evidence that the postage expenses were incurred for business purposes, we are persuaded that some portion of the $421 incurred for postage was related to petitioner's business and is therefore deductible.  Where the taxpayer establishes that a deductible expense has been incurred, but is unable to substantiate the exact amount, the Court may estimate the amount, bearing heavily if it chooses against the taxpayer, whose inexactitude is of his own making.  See Cohan v. Commissioner, 39 F.2d 540, 543-544 (2d Cir. 1930).  Taking into consideration the magnitude of petitioner's business, we find $75 of the postage costs to be deductible by petitioner as a business expense.

With respect to the remainder of the documented expenses, petitioner failed to provide us with any credible evidence that would allow us to conclude that the items were purchased for business rather than personal use, or otherwise that they were ordinary and necessary for petitioner's business.  Accordingly, we hold that petitioner is not entitled to these deductions.

2.   Business Meetings

Petitioner claims deductions for $752 in expenses she asserts she incurred during business meetings in 1999.

Most of the evidence petitioner produced to verify the expenses comprises handwritten receipts, some of them completed by petitioner herself, which contain notations of the purpose for

[4](...continued)
pads, a stapler, and a planner pad.

which the payments were allegedly made such as "briefing," "training", and "dues". Except for the signature of the individual in charge of collecting those fees (which is frequently that of petitioner herself), however, the receipts do not disclose any information regarding the identity of the payee, the business purpose, or the nature of the expense. Petitioner has failed to provide us any additional credible information that these expenses are related to, or were required by, her business. Accordingly, we agree with respondent's determination disallowing these deductions.

3.   Gifts and Meals and Entertainment

Petitioner disputes respondent's disallowance of $162 and $311 in expenses she incurred for business gifts in 1999 and 2000, respectively. She also claims that respondent erred in denying her deductions for meals and entertainment expenses of $261 for 1999 and $1,114 for 2000.

As discussed above, both business gifts and meals and entertainment expenses are subject to the substantiation requirements of section 274(d). See sec. 274(d)(2) and (3). Yet the only evidence petitioner submitted to substantiate her gifts and business meals and entertainment expenditures is receipts on which she has notated "gifts for client" or "meeting with [name of the individual]". Petitioner has not proffered any information regarding the business purpose of the expenses, her business relationship with the recipient of the gift or the individual entertained, or any other information that would

comply with the substantiation requirements of section 274(d). Accordingly, we sustain respondent's determination with respect to these deductions.

4. Cellular Phone Expenses

Petitioner disputes respondent's denial of $1,842 in cellular phone expenses she incurred in 1999.

Cellular phones are included in the definition of "listed property" for purposes of section 274(d)(4) and are thus subject to the strict substantiation requirements of this section.

In support of her claim for deductions, petitioner presented copies of 10 checks, drawn on her account for a total of $1,842. Six of the checks were made payable to "Bell Atlantic Mobile" and "C-work Solutions", while the remaining four were made payable to a specific individual. Petitioner testified that the recipient of the latter payments was her sister, whose phone she was using during that time. Even if we were to believe petitioner's assertions, which we do not, petitioner has produced no evidence that the phone was used for business purposes or any other reliable evidence regarding the services rendered. Given petitioner's failure to substantiate the cellular phone expenses, we sustain respondent's determination denying these deductions.

5. Utilities

Petitioner claimed deductions for utilities used in her home office for both 1999 and 2000. After concessions by petitioner at trial, the amount that remains in contention is $497 incurred during 1999.

In general, a taxpayer may not deduct expenses incurred with respect to the use of the taxpayer's residence. See sec. 280A(a). Section 280A(c)(1) provides a narrow exception to the disallowance of home office deductions where the taxpayer can establish that the portion of the home to which the expenses are attributable is exclusively used on a regular basis as either the taxpayer's principal place of business or a place of business which is used by clients or customers in meeting or dealing with the taxpayer in the normal course of business.

Petitioner claimed expenses attributable to a portion of her home she contends she used exclusively as a home office. Petitioner estimated that portion at about 50 percent of her residence. Petitioner failed, however, to provide any credible evidence to support her contention that any portion of her home was used exclusively for business purposes. The only evidence regarding the use of petitioner's home for business-related matters is petitioner's own testimony. We find petitioner's testimony not credible.

Even if we were persuaded that some portion of the house was used exclusively for business purposes, petitioner has not offered any evidence that would support her allocation of expenses or otherwise allow the Court to reach an alternate determination under Cohan v. Commissioner, supra. Petitioner testified that her residence has two bedrooms, a kitchen, a separate eating area, one bathroom, and a living room. The portion of the house used exclusively for the business, according

to petitioner, was a "a little area * * * [connected to the living room] that has all the office equipment."  This testimony is sharply inconsistent with petitioner's allocation and suggests that the portion used, if any, as a home office by petitioner was substantially less than the 50 percent she claims.  While <u>Cohan</u> allows us to estimate the amount of expense that we find to be deductible when the exact amount cannot be ascertained, in order for us to do so, petitioner must have supplied us with some basis upon which an estimate can be made.  See <u>Vanicek v. Commissioner</u>, 85 T.C. 731, 742,743 (1985).  Petitioner, however, has failed to provide the Court with any measurements, pictures, floor plans, or any other evidence that would enable us to estimate the portion allocable to the home office.

Accordingly, having failed to substantiate that a portion of her home was used exclusively for business purposes, petitioner is not entitled to a deduction for these expenses.

B.    <u>Head-of-Household Filing Status and Dependency Exemption</u>

Petitioner filed her Federal income tax return for 2000 as a head of household and claimed the dependency exemption deduction for her brother.

In order to qualify for head-of-household filing status, a taxpayer must satisfy the requirements of section 2(b).  Pursuant to this section, an individual qualifies as a head of household if she (1) is not married at the close of the taxable year, and (2) maintains as her home a household that constitutes for more than one-half of the taxable year the principal place of abode,

as a member of such household, of any person who is a dependent of the taxpayer, if the taxpayer is entitled to a deduction for the taxable year for such person under section 151. Section 151 allows the taxpayer to claim an exemption deduction for a dependent whose gross income for the calendar year in which the taxable year of the taxpayer begins is less than the "exemption amount". Sec. 151(c)(1)(A) and (d)(1). Included among those that qualify as dependents is a taxpayer's brother, so long as more than half of his support for the year at issue was received from the taxpayer. See sec. 152(a)(3).

Petitioner, who during 2000 was married but separated from her husband, testified that her brother, born in 1976, has been living with her since his last year in high school. She stated that since then she has been supporting her brother and has paid all his expenses, including his education, food, clothing, and rent. Petitioner testified that her brother worked in several part-time jobs during 2000 but that she did not know how much he had earned. Respondent introduced into evidence documents showing that petitioner's brother filed a Federal income tax return for 2000 in which he reported gross income of $7,789.

We have already noted that the burden is on petitioner to establish that she is entitled to head-of-household filing status. Apart from petitioner's testimony, however, she did not offer any other credible evidence that would substantiate that her home constituted the principal place of abode for her brother during the year in question or that she provided more than half

of his support.  Furthermore, given that petitioner's brother earned $7,789 during 2000, a sum in excess of the limitation amount of section 151, he does not qualify as a dependent for whom she is entitled to a deduction under section 151, and thus, petitioner would not be entitled to file as a head of household even if she could substantiate the aforementioned requirements. Accordingly, we hold that petitioner is not entitled to claim head-of-household status and the dependency exemption.

## C.    Penalties

Section 6662 imposes a penalty of 20 percent of the portion of the underpayment which is attributable to negligence or disregard of rules or regulations.  See sec. 6662(a) and (b). Negligence is the "lack of due care or failure to do what a reasonable and ordinarily prudent person would do under the circumstances."  Neely v. Commissioner, 85 T.C. 934, 947 (1985). "Negligence" includes the failure to make a reasonable attempt to comply with provisions of the Internal Revenue Code, as well as any failure by the taxpayer to keep adequate books and records or to substantiate items properly.  See sec. 1.6662-3(b)(1), Income Tax Regs.  The term "disregard" includes any careless, reckless, or intentional disregard.  See sec. 6662(c).

Nevertheless, a taxpayer may avoid the imposition of a penalty if she is able to show that there was a reasonable cause for, and that she acted in good faith with respect to, the underpayment.  See sec. 6664(c).  The determination of whether the taxpayer acted with reasonable cause and in good faith is

made by taking into account all the pertinent facts and circumstances.  See sec. 1.6664-4(b)(1), Income Tax Regs.

In her Federal tax returns, petitioner claimed excessive Schedule C and Schedule A expenses that she was unable to substantiate, thereby disregarding the requirements of sections 162 and 274.  Further, neither the receipts petitioner submitted nor her testimony establish a business purpose for the claimed expenses.

At trial petitioner failed to demonstrate that she acted in good faith with respect to the underpayments during the years at issue.  Accordingly, we hold that petitioner is liable for accuracy-related penalties under section 6662(a) for 1999 and 2000.

To reflect the foregoing,

Decisions will be entered under Rule 155.