T.C. Summary Opinion 2007-49


UNITED STATES TAX COURT


JAMES A. AND JOAN H. SOHOLT, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 143-06S.                    Filed March 28, 2007.


James A. and Joan H. Soholt, pro sese.

<u>Melissa Hedtke</u>, for respondent.


KROUPA, <u>Judge</u>:  This case was heard pursuant to the
provisions of section 7463[1] of the Internal Revenue Code in
effect at the time the petition was filed.  Pursuant to section
7463(b), the decision to be entered is not reviewable by any

---

[1]All section and Code references are to the Internal Revenue
Code in effect for the year at issue, and all Rule references are
to the Tax Court Rules of Practice and Procedure, unless
otherwise indicated.

other court, and the opinion shall not be treated as precedent for any other case.

Respondent determined a $3,360 deficiency in petitioners' Federal income tax for 2003. After concessions,[2] we are asked to decide whether petitioners are entitled to deductions for various expenses. We find that petitioners are entitled to deduct some of the expenses they claimed on their returns.

## Background

Some of the facts have been stipulated and are so found. Petitioners resided in Minneapolis, Minnesota, at the time they filed the petition.

## Mr. Soholt's Business Activities

Petitioner Mr. Soholt was a financial adviser and retirement planner for Metropolitan Life Insurance Company (MetLife) in 2003. He provided financial advisory services and products to various clients and groups. Mr. Soholt used his car to meet with clients and prospective clients at locations convenient to them. Sometimes he would take clients or prospective clients out for coffee or a light meal or snack.

Mr. Soholt worked from a home office set up in the basement that constituted approximately 18 percent of petitioners' home

---

[2]Petitioners concede that they are not entitled to deduct a portion of their personal property taxes and that they are not entitled to deduct expenses for professional publications. Respondent concedes that petitioners are entitled to deduct their expenses for continuing education and licensing.

based on square footage. MetLife leased him a laptop computer through which he could connect to the MetLife network from home. The home office also included a desk, filing cabinets, and storage space for marketing and informational materials. Although Mr. Soholt kept a few de minimis personal papers in the filing cabinets, the family living area was located on another floor of the home, and the home office was not used for family activities. Mr. Soholt insured the home office (including its materials and equipment) against flood and other catastrophes. Petitioners installed a second telephone line to the house for Mr. Soholt to use for business. Mr. Soholt used calling cards to dial clients long distance. He also had a cellular phone.

Petitioners subscribed to the Sunday Star Tribune. Mr. Soholt read the business section each week to learn about business news in the area and to be prepared in case a client asked him a question about a particular news story. Both petitioners read other sections of the newspaper for personal reasons.

Mrs. Soholt's Business Activities

Petitioner Mrs. Soholt was a flight attendant for Northwest Airlines (NWA) during 2003. She was on sporadic leave from January through May, however. The sporadic leave program, instituted during the airline's economic crisis brought on by the 2001 terrorist attacks, allowed NWA employees to take time off

from work on a month-to-month basis without being fired or laid off. Mrs. Soholt and the other employees in the sporadic leave program could be recalled at any time. NWA recalled Mrs. Soholt in June 2003, and she resumed her normal NWA duties, flying about 15 to 20 days per month for the remainder of the year.

Mrs. Soholt was assigned to reserve status on certain days. Although she was not scheduled to fly on a reserve status day, she could be summoned to fly if the airline needed her. NWA required Mrs. Soholt to have a telephone and, when on reserve status, to respond to phone calls within 20 minutes so that she could get to the airport for the assigned flight.

Mrs. Soholt used the Internet from home periodically to check her flight schedule and NWA e-mail as well as to submit bids for future flight schedules. She subscribed to Compuserve for this purpose because it was the only Internet service provider NWA authorized. Mrs. Soholt periodically drycleaned the uniforms NWA required her to wear.

Petitioners donated clothing and other items to charity and also made cash contributions during 2003. Petitioners had a growing family and periodically contributed items they no longer needed to charity.

Petitioners' Return

Petitioners claimed certain expenses on Form 1040, Schedule A, Itemized Deductions, on their joint return for 2003. They

claimed they were entitled to deduct charitable contributions as well as unreimbursed employee business expenses.  The unreimbursed employee business expenses petitioners claimed included expenses for the business use of their home, cell phone, Internet, equipment, automobile, hospitality, insurance, publications, telephone, and uniform cleaning.

Respondent examined petitioners' return for 2003 and issued petitioners a deficiency notice in which he disallowed many of the expenses for lack of substantiation.  Petitioners timely filed a petition.

## Discussion

This is primarily a substantiation case.  The parties resolved many of the disputed expenses before trial.  We are asked to determine whether petitioners are entitled to deduct the remaining expenses.  We begin by outlining basic fundamental tax principles involving substantiation.  First, the Commissioner's determinations are generally presumed correct, and the taxpayer bears the burden of proving that these determinations are erroneous.[3]  Rule 142(a); INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); Welch v. Helvering, 290 U.S. 111 (1933).  Second, deductions are a matter of legislative grace, and the taxpayer

---

[3]Petitioners do not claim the burden of proof shifts to respondent under sec. 7491(a).  Petitioners also did not establish they satisfy the requirements of sec. 7491(a)(2).  We therefore find that the burden of proof remains with petitioners.

has the burden to prove he or she is entitled to any deduction claimed. Rule 142(a); <u>Deputy v. du Pont</u>, 308 U.S. 488, 493 (1940); <u>New Colonial Ice Co. v. Helvering</u>, 292 U.S. 435, 440 (1934); <u>Welch v. Helvering</u>, <u>supra</u>. This includes the burden of substantiation. <u>Hradesky v. Commissioner</u>, 65 T.C. 87, 90 (1975), affd. per curiam 540 F.2d 821 (5th Cir. 1976).

A taxpayer must substantiate amounts claimed as deductions by maintaining the records necessary to establish he or she is entitled to the deductions. Sec. 6001; <u>Hradesky v. Commissioner</u>, <u>supra</u>. The taxpayer shall keep such permanent records or books of account as are sufficient to establish the amount of deductions claimed on the return. Sec. 6001; sec. 1.6001-1(a), (e), Income Tax Regs. The Court need not accept a taxpayer's self-serving testimony when the taxpayer fails to present corroborative evidence. <u>Beam v. Commissioner</u>, T.C. Memo. 1990-304 (citing <u>Tokarski v. Commissioner</u>, 87 T.C. 74, 77 (1986)), affd. without published opinion 956 F.2d 1166 (9th Cir. 1992).

We shall now proceed to consider whether petitioners are entitled to deduct the claimed expenses, beginning with petitioners' charitable contributions of cash and property.

<u>Charitable Contributions</u>

Petitioners claimed they contributed $6,897 of cash to charitable organizations in 2003, and respondent allowed all but $232 based on receipts from donee organizations as well as

canceled checks. Petitioners also claimed they contributed property worth $3,492 to charitable organizations in 2003, and respondent allowed $89.

Charitable contributions a taxpayer makes are generally deductible under section 170(a). No deduction is allowed, however, for any contribution of $250 or more unless the taxpayer substantiates the contribution by a contemporaneous written acknowledgment of the contribution by the qualified donee organization.[4] Sec. 170(f)(8)(A). The deduction for contributions of property equals the fair market value of the property on the date contributed. Sec. 1.170A-1(c)(1), Income Tax Regs.

A taxpayer claiming a charitable contribution is generally required to maintain for each contribution a canceled check, some communication from the donee organization acknowledging receipt of a contribution and showing the date and amount of the contribution, or other reliable written records showing the name of the donee, along with the date and amount of the contribution. Sec. 1.170A-13(a)(1)(i) to (iii), Income Tax Regs.

---

[4]There are now stricter requirements for contributions of money. Sec. 170(f)(17). No deduction for a contribution of money in any amount is allowed unless the donor maintains a bank record or written communication from the donee showing the name of the donee organization, the date of the contribution, and the amount of the contribution. Id. This new provision is effective for tax years beginning after Aug. 17, 2006. Pension Protection Act of 2006, Pub. L. 109-280, sec. 1217, 120 Stat. 1080.

We first consider petitioners' cash contributions.  They were able to substantiate all cash contributions except $232. They failed to introduce any receipts or canceled checks for the remaining $232 cash contributions they claim they made in 2003. Petitioners are therefore not entitled to deduct the additional $232 for cash contributions.

We next turn to petitioners' contributions of property. Petitioners introduced receipts indicating they donated clothing and other miscellaneous goods eight times in 2003.  These receipts do not list the specific items contributed and simply note that petitioners donated a certain number of bags. Petitioners also introduced a worksheet they prepared when preparing their tax return that purports to list and value more specifically the items petitioners contributed.  Mr. Soholt testified that petitioners estimated the value of the clothing they donated at one-half the original cost but also admitted he did not think used clothing was worth half as much as it was worth new.  Petitioners did not introduce any evidence supporting their estimated value or regarding the quality of the donated items that would permit us to estimate its value.

While we are convinced that petitioners donated property to charity in 2003, petitioners have failed to provide any reliable evidence of the items they donated or their values.  Petitioners are therefore not entitled to deduct any additional amount for

charitable contributions of property other than the $89 respondent allowed.

Unreimbursed Employee Business Expenses

We next consider the unreimbursed employee business expenses petitioners claimed on Schedule A.  We begin by outlining the general rules to claim business expenses.  In general, all ordinary and necessary expenses paid or incurred in carrying on a trade or business during the taxable year are deductible.  Sec. 162(a).  Services performed by an employee constitute a trade or business.  O'Malley v. Commissioner, 91 T.C. 352, 363-364 (1988); sec. 1.162-17(a), Income Tax Regs.  An expense is ordinary for these purposes if it is normal or customary within a particular trade, business, or industry.  Deputy v. du Pont, 308 U.S. at 495.  An expense is necessary if it is appropriate or helpful for the development of the business.  Commissioner v. Heininger, 320 U.S. 467, 471 (1943).  Personal, living, or family expenses, on the other hand, are not generally deductible.  Sec. 262.

If a taxpayer establishes that he or she paid or incurred a deductible business expense but does not establish the amount of the deduction, we may approximate the amount of the allowable deduction, bearing heavily against the taxpayer whose inexactitude is of his or her own making.  Cohan v. Commissioner, 39 F.2d 540, 543-544 (2d Cir. 1930).  For the Cohan rule to apply, however, a basis must exist on which this Court can make

an approximation.  Vanicek v. Commissioner, 85 T.C. 731, 742-743 (1985).  Without such a basis, any allowance would amount to unguided largesse.  Williams v. United States, 245 F.2d 559, 560 (5th Cir. 1957).

Certain business expenses may not be estimated because of the strict substantiation requirements of section 274(d).  See sec. 280F(d)(4)(A); Sanford v. Commissioner, 50 T.C. 823, 827 (1968), affd. per curiam 412 F.2d 201 (2d Cir. 1969).  For such expenses, only certain types of documentary evidence will suffice.

Unreimbursed Employee Business Expenses Not Subject to Strict Substantiation

We first consider the unreimbursed employee business expenses not subject to the strict substantiation requirements. We then examine those employee business expenses that are subject to the additional strict substantiation requirements.

Business Use of the Home

Petitioners claimed $4,190 miscellaneous expenses for business use of their home during 2003.  Expenses for business use of a taxpayer's home are deductible only under very limited circumstances.  The taxpayer must show that the portion of the home purported to be used for business was exclusively used on a

regular basis as the taxpayer's principal place of business.
Sec. 280A(c)(1).[5]

Petitioners introduced pictures of their home and prepared a
rough sketch of the home layout including square footage.  Mr.
Soholt also described the layout of his home office and explained
the setup of his work area, filing cabinets, and storage space
for his MetLife marketing materials.  Mr. Soholt admitted that he
kept a few personal documents in the filing cabinet such as
wills, copies of tax returns and similar documentation, but the
family living area was located on another floor of the home and
the office area was not used for anything other than Mr. Soholt's
business activities.  The home office constituted 18 percent of
petitioners' home based on square footage.

We have carefully examined the parties' exhibits and Mr.
Soholt's testimony on this issue.  We find his testimony on this
issue to be credible and the documents reliable.  We conclude
that 18 percent of petitioners' home was regularly and
exclusively used as the principal place of business for Mr.
Soholt's MetLife affairs.  Petitioners are therefore entitled to

---

[5]There is an additional requirement that the home office be
for the convenience of the employer.  Sec. 280A(c)(1) (flush
language).  The record is unclear whether the parties dispute
this issue.  Unreimbursed business expenses are subject to the 2-
percent limitation of sec. 67.

deduct 18 percent of certain energy expenses[6] petitioners incurred during 2003.

Notwithstanding that 18 percent of petitioners' home was used as Mr. Soholt's principal place of business, we cannot accept certain documentation petitioners introduced that appear to be expenses for remodeling their kitchen. We must disregard these kitchen remodeling costs because the kitchen was not part of the home used exclusively for Mr. Soholt's business. Petitioners are therefore entitled to deduct only 18 percent of the energy expenses, which equals $467.[7]

Internet Access Expenses

Petitioners claimed $317 for Internet access expenses during 2003. We have previously characterized Internet expenses as utility expenses. Verma v. Commissioner, T.C. Memo. 2001-132. Strict substantiation therefore does not apply, and we may estimate the business portion of utility expenses under the Cohan rule. See Pistoresi v. Commissioner, T.C. Memo. 1999-39.

The parties stipulated that petitioners paid $317 for Compuserve in 2003. Mrs. Soholt provided credible testimony

---

[6]The parties stipulated that petitioners paid $1,180.30 to Center Point Energy, $833.84 to Xcel Energy, and $580.09 to the City of Minneapolis Utility Billing Office in 2003, and petitioners are entitled to deduct 18 percent of these expenses.

[7]We note that the deduction we permit for petitioners' business use of the home would be subject to the income limitations of sec. 280A(c)(5).

regarding her need for and business use of the Internet. Mrs. Soholt subscribed to Compuserve because that was the only Internet service provider that NWA authorized for access to the NWA system. She used the Internet to check her NWA work schedule, use her NWA e-mail, and submit her bids for her flight schedule. The record does not reflect that any family member used the Compuserve account for personal matters. We are convinced that the Compuserve account was used primarily for Mrs. Soholt's business needs and that petitioners are thus entitled to deduct the $317 they paid for Compuserve.

Insurance Expenses

Petitioners claimed $101 of insurance expenses. Mr. Soholt testified that he bought an additional business policy through their home insurance to cover equipment in the home and to provide a source of income if he were unable to work due to a catastrophe or flood in the basement. Petitioners introduced a balance due notice from State Farm indicating that Mr. Soholt was the insured on a "business policy." The balance due notice was prepared on September 25, 2002, and notes that full payment will continue coverage until August 19, 2003. We find Mr. Soholt's testimony to be credible and conclude that petitioners have adequately substantiated their insurance expense for the year. Accordingly, petitioners are entitled to deduct $101 of insurance expenses.

Publications

Petitioners claimed $91 of publication expenses. Petitioners paid $98.80 for the Sunday Star Tribune for the year at issue. Mr. Soholt read the business section of the paper to familiarize himself with area business news as well as to be prepared in the event a client asked him about a particular business article, although both petitioners read other parts of the Sunday paper for personal use.

The cost of a daily newspaper of general circulation is generally nondeductible. Wheeler v. Commissioner, T.C. Memo. 1984-425. Petitioners testified that they each read parts of the Sunday paper for reasons unrelated to Mr. Soholt's business. Petitioners' use of the Sunday Star Tribune was not confined to the business section. Petitioners have not offered a method for us to estimate reliably how much of Mr. Soholt's use of the Sunday newspaper was for business. Petitioners are therefore not entitled to any deduction for publications in 2003.

Telephone Expenses

Petitioners claimed $912 of telephone expenses. The parties stipulated that petitioners paid $462.69 to Qwest for 2003. Petitioners introduced documentation showing that they incurred $39.64 in telephone charges from PowerNet Global Communications, 3 cents from TTI, and $55 for MCI calling cards, but they did not explain the PowerNet Global Communications or TTI charges. Mr.

Soholt testified that they calculated the business portion of their telephone expenses by determining the cost of the second telephone line for their home that Mr. Soholt used for business. Petitioners then added the cost of certain features on their personal telephone line, such as call waiting, caller ID, and voice messaging. Mr. Soholt used the calling cards to call clients long distance.

The parties' stipulation and petitioners' substantiation and testimony regarding this issue do not fully explain how petitioners derived the $912 of telephone expenses they claimed for 2003. Petitioners' documentation and testimony regarding the amount of charges attributable to the business telephone line is unclear. Although we are permitted to estimate the business portion of the telephone expenses under the Cohan rule, petitioners have given us no basis for such an estimate. The only thing petitioners have established is that Mr. Soholt used calling cards to call clients long distance, and we find their substantiation credible on this point. Petitioners are therefore entitled to deduct $55 for calling cards.

Uniform Cleaning Expenses

Petitioners claimed $303 for cleaning expenses for Mrs. Soholt's NWA uniforms. Expenses for uniforms are deductible if the uniforms are of a type specifically required as a condition of employment, the uniforms are not adaptable to general use as

ordinary clothing, and the uniforms are not worn as ordinary clothing.  Yeomans v. Commissioner, 30 T.C. 757, 767-769 (1958); Beckey v. Commissioner, T.C. Memo. 1994-514.

Petitioners introduced the portion of the NWA Flight Attendant agreement requiring Mrs. Soholt to wear a uniform. Mrs. Soholt worked 15 to 20 days per month for the 7 months that she was not on sporadic leave.  Mrs. Soholt testified that she did not dry clean her uniform each time she wore it and that she often had to clean it herself due to the short time between trips.  Petitioners also introduced receipts from dry cleaners amounting to $122.59 in cleaning costs for the year, although the receipts do not specifically indicate that the cleaning charges were for Mrs. Soholt's uniforms.

We are convinced that Mrs. Soholt incurred some expenses during the year to clean her uniforms.  We may estimate the amount of uniform expenses under the Cohan rule.  We estimate that Mrs. Soholt dry cleaned her uniform once per month for the 7 months she worked at NWA and is therefore entitled to deduct $105 for uniform expenses during 2003.

Expenses Subject to Strict Substantiation Requirements

We now consider those expenses that are subject to the additional strict substantiation requirements under section 274(d).  Strict substantiation requires the taxpayer to generally introduce records or evidence showing the amount of the expense,

the time and place of the expense, the business purpose of the expense, and the business relationship to the taxpayer of the persons involved in the expense. Sec. 274(d). Expenses subject to strict substantiation may not be estimated under the Cohan rule. Sanford v. Commissioner, 50 T.C. at 827.

Cellular Phone Expenses

Petitioners claimed $880 of cellular phone expenses for 2003. Cellular phones are included in the definition of "listed property" for purposes of section 274(d)(4) and are thus subject to the strict substantiation requirements. Sec. 280F(d)(4)(A)(v); Gaylord v. Commissioner, T.C. Memo. 2003-273. A taxpayer must establish the amount of business use and the amount of total use for the property to substantiate the amount of expenses for listed property. Nitschke v. Commissioner, T.C. Memo. 2000-230; sec. 1.274-5T(b)(6)(i)(B), Temporary Income Tax Regs., 50 Fed. Reg. 46016 (Nov. 6, 1985).

Petitioners introduced their cellular phone records at trial and acknowledged which calls were personal. Mr. Soholt testified that he used his cellular phone to call home to check his voice mail, speak to his wife, and also to call MetLife message centers as well as make other business calls. Mrs. Soholt used her cellular phone when she was on reserve status so that she could respond to NWA within the required 20-minute period.

We have examined petitioners' cellular phone records in detail. Petitioners paid a flat fee for their cellular phones as long as phone usage was within a certain limit per month and used the phones for both personal and business calls. Petitioners therefore did not incur any expenses to use their cellular phones for business purposes in addition to those they would have incurred had they used their cellular phones only for personal reasons. Further, any approximation or estimation of cell phone expenses attributable to business use is prohibited under section 274(d). Petitioners are therefore not entitled to deduct any cellular phone expenses for 2003.

Equipment Expenses

Petitioners claimed $795 of equipment expenses to rent and maintain the laptop computer MetLife required Mr. Soholt to have for his business. Computers and peripheral equipment are "listed property" and are therefore subject to the strict substantiation requirements. Sec. 280F(d)(4)(A)(iv).

Petitioners introduced a MetLife Human Capital Management System report indicating that a total of $795 was deducted from his pay during 2003 for the laptop. Mr. Soholt testified that he was required to have $15 deducted from each paycheck for the use of the laptop and any necessary maintenance. Petitioners introduced a pay stub showing a $15 deduction from Mr. Soholt's pay for the period ending December 28, 2003. Petitioners also

introduced a letter from the MetLife Regional Marketing Director indicating that Mr. Soholt was not reimbursed for laptop charges. We find that the evidence petitioners introduced on this issue, taken together, satisfies the strict substantiation requirements. Accordingly, petitioners are entitled to deduct $795 of equipment costs for the laptop.

Automobile Expenses

Petitioners claimed $6,112 of automobile expenses for 2003. Passenger automobiles are listed property under section 280F and strict substantiation is therefore required. Sec. 274(d). No deduction is allowed for any travel expense unless the taxpayer substantiates by adequate records or by sufficient evidence corroborating the taxpayer's own statement the amount of the expense, the mileage for each business use of the automobile and the total mileage for all use of the automobile during the taxable period, the date of the business use, and the business purpose for the use. Sec. 1.274-5T(b)(6), Temporary Income Tax Regs., supra. Adequate records include the maintenance of an account book, diary, log, statement of expense, trip sheets, and/or other documentary evidence, which, in combination, are sufficient to establish each element of expenditure or use. Sec. 1.274-5T(c)(2)(i), Temporary Income Tax Regs., 50 Fed. Reg. 46017 (Nov. 6, 1985).

Taxpayers may use a standard mileage rate established by the Internal Revenue Service in lieu of substantiating the actual amount of the expenditure.  See sec. 1.274-5(j)(2), Income Tax Regs.  The standard mileage rate is generally multiplied by the number of business miles traveled.  See Rev. Proc. 2002-61, 2002-2 C.B. 616 (in effect for transportation expenses incurred during 2003).  The use of the standard mileage rate establishes only the amount deemed expended with respect to the business use of a passenger automobile.  Sec. 1.274-5(j)(2), Income Tax Regs.  The taxpayer must still establish the actual mileage, the time, and the business purpose of each use.  <u>Nicely v. Commissioner</u>, T.C. Memo. 2006-172; sec. 1.274-5(j)(2), Income Tax Regs.

Petitioners introduced an appointment calendar for 2003 to support their business mileage deductions.  Mr. Soholt kept the calendar in his car during 2003 and made handwritten notations of the total mileage incurred on days when he had to travel for business.  Mr. Soholt calculated the mileage by determining the difference on the odometer from the beginning of the day to the end of the day.  Mr. Soholt acknowledged, however, that the daily odometer readings also possibly included non-business trips he made during the day.

Although we recognize the efforts Mr. Soholt made to record his daily mileage, we are constrained to find that petitioners failed to satisfy the strict substantiation requirements.

Petitioners' documentation does not establish the portion of the mileage each day attributable to personal travel and is simply a notation of the total daily odometer readings. Moreover, petitioners' log does not sufficiently describe the business purpose of each meeting. Often, just a name or group is identified. We therefore find that petitioners are not entitled to any automobile expense deduction for 2003.

Hospitality Expenses

Petitioners claimed $1,411 of hospitality expenses for 2003. Mr. Soholt testified he incurred these expenses when he treated clients or potential clients to meals or coffee during their meetings.

Entertainment expenses such as entertaining clients or prospective clients at restaurants and coffee shops are subject to the strict substantiation requirements. See sec. 274(d)(2); Gaylord v. Commissioner, T.C. Memo. 2003-273; sec. 1.274-2(a), Income Tax Regs. The taxpayer must show the expense was directly related to the active conduct of the taxpayer's trade or business as well as substantiate the amount, time and place, business purpose, and business relationship to the taxpayer of the persons

entertained.[8]  Sec. 274(a), (d); sec. 1.274-2(a), Income Tax Regs.

Petitioners introduced various restaurant and coffee shop receipts to substantiate the entertainment expenses.  Mr. Soholt added notations on the receipts after the year at issue and before trial.  Some of these notations include the name of a person or a vague description such as "Answering Questions."

We find Mr. Soholt's testimony on this issue to be thoughtful and credible.  Unfortunately, the evidence petitioners submitted to substantiate their hospitality expenses does not meet the requirements of section 274.  Petitioners do not have records indicating the business purposes of the expenses, Mr. Soholt's business relationship to the persons entertained or any other information that would comply with the strict substantiation requirements.  The notations on the receipts, made after the year at issue, are simply too vague to meet the required standard.  Petitioners are therefore not entitled to deduct any hospitality expenses.

---

[8]For expenses incurred directly before or after a substantial and bona fide business discussion, the taxpayer must show the expense was associated with, rather than directly related to, the active conduct of the trade or business.  Sec. 274(a), (d); sec. 1.274-2(a), Income Tax Regs.

To reflect the foregoing and the concessions of the parties,

<u>Decision will be entered</u>

<u>under Rule 155</u>.