T.C. Summary Opinion 2008-146


UNITED STATES TAX COURT


MARIO MARQUETTE AND SHONEISHA MYERS, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 14323-06S.          Filed November 24, 2008.


Mario Marquette and Shoneisha Myers, pro se.

<u>Beth A. Nunnink</u>, for respondent.


WELLS, <u>Judge</u>:  This case was heard pursuant to the
provisions of section 7463 of the Internal Revenue Code in effect
at the time the petition was filed.[1]  Pursuant to section
7463(b), the decision to be entered is not reviewable by any

_____

        [1]All section references are to the Internal Revenue Code in
effect for the year in issue.

other court, and this opinion shall not be treated as precedent for any other case.

Respondent determined a deficiency of $6,766 and an addition to tax of $1,353.20 with regard to petitioners' Federal income tax for 2004. After concessions, the issues we must decide are: (1) Whether petitioners are entitled to deduct certain expenses for petitioner husband's used car sales business in excess of those previously allowed by respondent;[2] (2) whether petitioners are entitled to deduct certain expenses for a real estate business reported on a Schedule C, Profit or Loss From Business, attached to their return; and (3) whether petitioners are liable for the accuracy-related penalty under section 6662(a).

## Background

Some of the facts and certain exhibits were stipulated by the parties. We incorporate the parties' stipulations of fact in this Summary Opinion and the parties' stipulations of fact are found accordingly.

At the time they filed their petition in the instant case, petitioners resided in Tennessee.

Petitioners timely filed their 2004 tax return. Petitioners attached to their return a Schedule C for a real estate property business. On the Schedule C, petitioners failed to include the

---

[2]Petitioners concede that they received gross receipts of $39,900 in the Schedule C auto sales business.

gross receipts and expenses for petitioner husband's used car sales business.

Petitioners maintained no books or ledgers in regard to their businesses.  Petitioners dealt primarily in cash, debit card charges, and checks.

In a Form 1040X, Amended U.S. Individual Income Tax Return, that petitioners gave respondent after the notice of deficiency was sent to petitioners, petitioners claimed that they are entitled to certain expenses.  Petitioners assert that the Form 1040X should be accepted as the "correct activity".

In the Form 1040X, petitioners included $39,900 of gross receipts from the used auto sales business.  On the Form 1040X, petitioners also reported the following amounts on a Schedule C:  cost of goods sold of $35,325, advertising expenses of $644, car and truck expenses of $528, legal and professional services expenses of $260, telephone expenses of $852, and office expenses of $1,686.

In the notice of deficiency, respondent disallowed the claimed deductions for the real estate property business, included the income of $39,900 for the used car sales business, allowed $27,400 for cost of goods sold, and allowed deductions of $1,086 for repairs and maintenance, $582 for commissions and fees, and $5,175 for cost of labor.

Discussion

Generally, deductions are a matter of legislative grace, and the burden of clearly showing the right to claimed deductions is on the taxpayer. Welch v. Helvering, 290 U.S. 111 (1933). Section 162(a) allows the deduction of "ordinary and necessary expenses" incurred while carrying on a trade or business. Cost of goods sold is an offset to gross receipts in determining gross income. Sec. 1.61-3(a), Income Tax Regs. Accordingly, cost of goods sold is not treated as a deduction and is not subject to requirements for deductions contained in sections 162 and 274. Metra Chem Corp. v. Commissioner, 88 T.C. 654, 661 (1987). However, any amount claimed as cost of goods sold must be substantiated, and section 6001 requires a taxpayer to maintain adequate books of accounts or records that are sufficient to establish the amount of gross income, deductions, or other matters required to be shown by such persons on their tax return. See Nunn v. Commissioner, T.C. Memo. 2002-250.

If a taxpayer establishes that a deductible expense has been paid but is unable to substantiate the precise amount, the Court may estimate the amount of the deductible expense bearing heavily against the taxpayer whose inexactitude in substantiating the amount of the expense is of his own making. Cohan v. Commissioner, 39 F.2d 540, 543-544 (2d Cir. 1930). An estimate

is only possible, however, if the taxpayer presents evidence sufficient to provide some basis upon which an estimate can be made. Vanicek v. Commissioner, 85 T.C. 731, 743 (1985). We address below the issues presented by the parties.

I. Cost of Goods Sold and Deductions and Expenses for the Used Car Sales Business

Petitioners claimed the following cost of goods sold and expenses in the Form 1040X: cost of goods sold of $35,325, advertising expenses of $644, car and truck expenses of $528, legal and professional services expenses of $260, telephone expenses of $852, and office expenses of $1,686. As petitioners assert that the Form 1040X furnished to respondent is correct, we deem conceded any other amounts claimed by petitioners.

A. Cost of Goods Sold

For cost of goods sold, petitioners reported inventory at the beginning of year of $33,825, no inventory at the end of the year, and cost of labor of $1,500, for cost of goods sold of $35,325. However, petitioners had previously provided to respondent cash receipts for cost of labor of $5,175, which respondent allowed in the notice of deficiency. Respondent allowed inventory of $27,400 and cost of labor of $5,175, for total cost of goods sold of $32,575.

Petitioners offered an auto repair order dated July 31, 2004, for a 1994 Audi. The record does not indicate whether the

amount stated in the auto repair order was actually paid. Petitioners had previously provided to respondent a "cash receipt" dated August 18, 2004, for the 1994 Audi for $375, and respondent allowed the $375 for the 1994 Audi in cost of labor. In the notice of deficiency, respondent allowed more cost of labor than petitioners claimed in the Form 1040X.

Petitioners dealt mainly in cash. Petitioners offered no documents regarding inventory and cost of goods sold.

On the basis of the record, we hold that petitioners have not shown that they are entitled to any additional cost of labor beyond the amount allowed by respondent in the notice of deficiency.

B. <u>Commissions and Fees</u>

In the notice of deficiency, respondent allowed fees of $582. Petitioners offered 11 receipts from a "Commercial Appeal". Of those receipts, respondent allowed as expenses some of the debit card charges labeled Trade Pub, Shoppers Press, or Commercial Appeal. Petitioners have failed to offer any invoices or receipts that show the business purpose of the payments to Trade Pub, Shoppers Press, or Commercial Appeal. Petitioners used their checking account for both personal and business expenses. On the basis of the record, we conclude that petitioners have failed to show that the remaining debit card charges for Trade Pub, Shoppers Press, and the Commercial Appeal

were business expenses.  Accordingly, we hold that petitioners are not entitled to any additional fees beyond the amount allowed by respondent in the notice of deficiency.

    C. Car and Truck Expenses

Petitioners claim they are entitled to a deduction of $528 for car and truck expenses.  Petitioners offered one auto fuel receipt for $12 from Kroger, but the record contains no evidence as to any car and truck expenses.

Car and truck expenses are subject to the strict substantiation requirements found in section 274(d).  See also sec. 280F(d)(4)(A)(i) and (ii).  The taxpayer must provide documents that corroborate by adequate records or by sufficient evidence the amount of the expense, the mileage for each business use of the automobile and the total mileage for all uses of the automobile during the taxable period, the date of the business use, and the business purpose for the use.  Sec. 1.274-5T(b)(6), Temporary Income Tax Regs., 50 Fed. Reg. 46016 (Nov. 6, 1985). The taxpayer must substantiate each element of an expenditure or use by adequate records or by sufficient evidence.  Sec. 1.274-5T(c), Temporary Income Tax Regs., 50 Fed. Reg. 46016 (Nov. 6, 1985).

Petitioners have failed to meet the strict substantiation requirements.  Consequently, we hold that they are not entitled to deduct car and truck expenses.

D. Legal and Professional Services

Petitioners claim they are entitled to deduct expenses of $260 for legal and professional services.  At trial, petitioners offered an invoice dated August 31, 2004, of $500 for tax preparation fees.  Petitioner husband testified that the invoice was for the 2004 tax return.  However, the document appears to be the tax preparation fees for petitioners' individual income returns for 2001, 2002, and 2003.  Petitioners claimed tax preparation fees of $250 on their Schedule A of Form 1040X.  No checks or cash receipts are in the record to show that the $500 invoice actually was paid.  The record contains no other evidence of any expenses for legal or professional services for the used car sales business.  On the basis of the record, we hold that petitioners are not entitled to a deduction for legal or professional services.

E. Telephone Expenses

Petitioners claimed telephone expenses of $852.  Cellular phones are included in the definition of "listed property" for purposes of section 274(d)(4) and are thus subject to the strict substantiation requirements of section 274(d).  See sec. 280F(d)(4)(A)(v).  Gaylord v. Commissioner, T.C. Memo. 2003-273. A taxpayer must establish the amount of business use and the amount of total use for the property in order to substantiate the amount of expenses for listed property.  Nitschke v.

Commissioner, T.C. Memo. 2000-230; sec. l.274-5T(b)(6)(i)(B), Temporary Income Tax Regs., supra.

Petitioners offered records for Cingular and BellSouth cellular phone accounts. However, petitioners offered no evidence that such phones were business phones or, if they were, the amount of business conducted with such phones. The Cingular bills appear to be for two phone numbers, which appear to share minutes. Petitioners offered no evidence as to why two phones would be necessary for the Schedule C business. Petitioners offered partial account information for October 28 through December 28, 2004. While the only payment shown on the Cingular account is an $80.18 payment on December 15, 2004, the detailed account information shows a large portion of the calls being made between the two phones. We conclude that petitioners have not shown that the cellular phones are used solely for business. Consequently, we hold that petitioners are not entitled to deductions for the cellular phone expenses.

F. Office Expenses

Petitioners claimed office expenses of $1,686. Computer or peripheral equipment is included in the definition of listed property for purposes of section 274(d)(4) and is thus subject to the strict substantiation requirements of section 274(d). See sec. 280F(d)(4)(A)(iv). Petitioners offered a "missing receipt affidavit" for a computer and accessories that totaled $1,686.

No additional evidence was offered at trial showing that petitioners incurred expenses for a computer and accessories. The receipts, invoices, and other records petitioners offered did not indicate that petitioners owned a computer. Petitioners offered no computer generated books, ledgers, or other records that would indicate a computer was used in petitioners' businesses. We conclude that petitioners have failed to show any business usage of a computer. Consequently, we hold that petitioners are not entitled to deductions for the claimed office expenses.

II. Expenses for the Real Estate Business

On October 8, 2004, petitioners purchased a single-family residence located at 1650 Hanauer Street, Memphis, Tennessee (the Hanauer property) for $16,000. Petitioners converted the Hanauer property to a six-unit apartment building. On their return, petitioners deducted expenses related to the Hanauer property.

The costs of starting up a new income producing activity are "inherently capital because they are expenses of creating or acquiring a capital asset." Hardy v. Commissioner, 93 T.C. 684, 690 (1989), affd. in part and remanded in part per order (10th Cir., Oct. 29, 1990). Expenses must relate to trades or businesses functioning at the time the expenses are incurred. Id. at 688. Pursuant to section 263(a), capital expenses include items that would be currently deductible but for the fact they

are expended for the acquisition or permanent improvement of a capital asset.  A taxpayer's pre-opening expenses are not ordinary expenses, but capital expenditures.  Hardy v. Commissioner, supra at 690.

The receipts, invoices, and contracts offered by petitioners relating to the Hanauer property appear to relate to the conversion of the single-family residence into six apartments. Although petitioners claim an apartment was rented during 2004, petitioners' return does not report any rent.  Moreover, the record shows that petitioners never obtained a certificate of occupancy for the Hanauer property.

Petitioners provided a month-to-month lease agreement dated December 16, 2004, for apartment #3 of the Hanauer property. However, as stated above, petitioners did not report any rental income for taxable year 2004 on either their Form 1040, U.S. Individual Income Tax Return, or their unfiled Form 1040X prepared by their accountants.  Moreover, the building permit dated November 11, 2004, specifically states it is for a single-family residence.  The record discloses that a permit was not requested for a multifamily residence until 2005.  Additionally, the record does not show that any certificate of occupancy has been issued for the Hanauer property.  The single-family permit issued in 2004 expired on June 9, 2005, without any inspection or certificate of occupancy.  Additionally, it appears that

significant work remained to be done on the Hanauer property at the close of 2004. On the basis of the record, we hold that petitioners have failed to prove that the Hanauer property was placed in service during 2004. Accordingly, we hold that the expenses in issue are pre-opening expenses and are capital expenditures that are not currently deductible. Respondent also contends that petitioners have failed to substantiate the expenses. However, on the basis of our holding that the expenses are all pre-opening expenses, we need not address that issue.

III. The Accuracy-Related Penalty Under Section 6662(a)

Section 6662(a) and (b)(1) and (2) imposes a penalty on the portion of a taxpayer's underpayment of tax which is attributable to a substantial understatement of income tax, negligence, or disregard of rules or regulations. A "substantial understatement" of income tax exists for any taxable year when the amount of the understatement exceeds the greater of $5,000 or 10 percent of the tax required to be shown on the return. Sec. 6662(d)(1). Negligence is any failure to make a reasonable attempt to comply with the provisions of the Internal Revenue Code, and disregard is any careless, reckless, or intentional disregard. Sec. 6662(c). Negligence includes the failure of a taxpayer to keep proper records or to substantiate his reported expenses. Sec. 1.6662-3(b)(1), Income Tax Regs. Pursuant to

section 7491(c), the Commissioner bears the burden of production with respect to the imposition of any penalty.

Petitioners failed to maintain books, ledgers, and financial records for the used car sales business and real estate business. Petitioners failed to report the used car sales business on their return that they filed. Petitioners dealt mainly in cash and did not have receipts, invoices, or contracts for many of the claimed expenses. On the basis of the record, we conclude that petitioners were negligent. Consequently, we hold that petitioners are liable for the penalty under section 6662.

We have considered all of the contentions and arguments of the parties, and to the extent not discussed herein, we conclude that they are without merit, irrelevant, or moot.

To reflect the foregoing,

<u>Decision will be entered for respondent</u>.