T.C. Summary Opinion 2008-25

UNITED STATES TAX COURT

JUVY LYN ANDRADE TE ENG FO, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 24023-05S.                    Filed March 5, 2008.

Juvy Lyn Andrade Te Eng Fo, pro se.

<u>Orsolya Kun</u>, for respondent.

GOLDBERG, <u>Special Trial Judge</u>.  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect when the petition was filed.[1]  Pursuant to section 7463(b), the decision to be entered is not reviewable by any

_____

[1] Unless otherwise indicated, all subsequent section references are to the Internal Revenue Code in effect for the taxable year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

other court, and this opinion shall not be treated as precedent for any other case.

Respondent determined a $3,195 deficiency in petitioner's Federal income tax for 2002.

The issue for decision is whether petitioner is entitled to the deduction for unreimbursed employee expenses claimed on Schedule A, Itemized Deductions, of her 2002 return.

## Background

Some of the facts have been stipulated, and they are so found. Petitioner resided in New York, at the time that the petition was filed.

In 2002, the taxable year in issue, petitioner was employed as a family physician by the Fridley Children's and Teenagers' Medical Center, P.A., in Fridley, Minnesota. Petitioner worked full time at the medical center from November of 2000 to November of 2002. Petitioner has been unemployed and seeking employment as a physician since November of 2002.

Petitioner filed a Federal income tax return for 2002 on which she reported total income of $117,007 and adjusted gross income of $116,679.

Petitioner attached to her return a Schedule A. Petitioner claimed total itemized deductions of $44,245, which included unreimbursed employee expenses of $15,059 before diminution by the 2-percent floor prescribed by section 67.

In support of her Schedule A deduction for unreimbursed employee expenses, petitioner attached to her return Form 2106, Employee Business Expenses, and reported the following:

| | |
|---|---:|
| Vehicle expenses | $4,289 |
| Unreimbursed employee expenses: | |
| Uniforms/protective clothing | 1,236 |
| Laundry/dry cleaning | 548 |
| Shoes, stockings, socks | 425 |
| Instrument/equipment | 704 |
| Supplies | 601 |
| Books/journals/magazines | 350 |
| Malpractice insurance | 2,359 |
| Professional license | 192 |
| Job seeking expenses | 2,608 |
| Business gifts | 1,747 |
| Total | 15,059 |

Petitioner's 2002 State of Minnesota income tax return was selected for income tax audit by the State of Minnesota. For taxable year 2002, the State tax audit allowed $4,419 of the claimed $15,059 of unreimbursed employee expenses claimed on Schedule A and disallowed the remainder, $10,640. Deductions were allowed for: (1) Malpractice insurance; (2) professional license; and (3) a substantiated portion ($1,868) of job-seeking expenses. The State auditor disallowed $10,640 of unreimbursed employee expenses because they were either unsubstantiated and/or personal. The personal expenses related to receipts petitioner provided for items of clothing purchased such as khaki slacks from the J.Crew clothing store and shirts and slacks from the Armani and Banana Republic clothing stores. When at work, petitioner wore a pair of khaki pants and a dress shirt or

blouse. There was no dress code per se for physicians at the medical center. When petitioner was seeing patients, she usually wore either a scrub shirt or a lab coat over her blouse. Petitioner did not wear suits or dresses while at work. Petitioner did not purchase any scrubs or lab coats in 2002.

Petitioner's State income tax liability was recomputed as a result of the State audit, and she consented to the recalculated liability. The result of the State audit was then forwarded to the Internal Revenue Service (IRS) pursuant to an exchange agreement between the IRS and the Minnesota Department of Revenue.

Respondent mailed to petitioner a notice of deficiency in which it was determined that petitioner had failed to fully substantiate the aforementioned deduction claimed for unreimbursed employee expenses. Accordingly, respondent reduced $44,245 of Schedule A deductions to $33,605, disallowing unreimbursed employee expenses totaling $10,640. Respondent allowed the same $4,419 of the claimed $15,059 unreimbursed employee expenses that were allowed by the State audit.

Petitioner disputed respondent's deficiency determination by timely filing a petition for redetermination; however, she did not set forth any reason in her petition as to why she is entitled to relief. Petitioner's quarrel, as expressed at trial,

was that she is entitled to the deduction at issue because she claimed the expenses "as a lay person [would]".

## Discussion

Deductions are a matter of legislative grace, and the taxpayer bears the burden of proving that he or she is entitled to any deduction claimed. Rule 142(a); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934); see INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992). This includes the burden of substantiation. Hradesky v. Commissioner, 65 T.C. 87, 90 (1975), affd. per curiam 540 F.2d 821 (5th Cir. 1976); cf. sec. 7491(a) (which does not effect any burden shifting given petitioner's failure to: (1) Raise the matter and (2) comply with all requirements of section 7491(a)(2)).

Section 162 allows a deduction for ordinary and necessary business expenses paid or incurred during the taxable year in carrying on a trade or business. Sec. 162(a); Deputy v. du Pont, 308 U.S. 488, 495 (1940). A trade or business includes the trade or business of being an employee. O'Malley v. Commissioner, 91 T.C. 352, 363-364 (1988). The taxpayer bears the burden of substantiation. Hradesky v. Commissioner, supra at 90.

Section 6001 provides, in pertinent part, as follows:

> SEC. 6001. NOTICE OR REGULATIONS REQUIRING RECORDS, STATEMENTS, AND SPECIAL RETURNS.
>
> Every person liable for any tax imposed by this title [title 26, Internal Revenue Code of 1986], or for the collection thereof, shall keep such records,

render such statements, make such returns, and comply
with such rules and regulations as the Secretary may
from time to time prescribe. * * *

Generally, if in the absence of such records a taxpayer provides sufficient evidence that the taxpayer has incurred a deductible expense, but the taxpayer is unable to adequately substantiate the amount of the deduction to which he or she is otherwise entitled, the Court may estimate the amount of the expense and allow the deduction to that extent. Cohan v. Commissioner, 39 F.2d 540, 543-544 (2d Cir. 1930). In order for the Court to estimate the amount of the expense, however, we must have some basis upon which an estimate may be made. Vanicek v. Commissioner, 85 T.C. 731, 743 (1985). Without such a basis, any allowance would amount to unguided largesse. Williams v. United States, 245 F.2d 559, 560 (5th Cir. 1957).

In the case of certain expenses, section 274(d) overrides Cohan. Sanford v. Commissioner, 50 T.C. 823, 827 (1968), affd. per curiam 412 F.2d 201 (2d Cir. 1969); sec. 1.274-5T(a), Temporary Income Tax Regs., 50 Fed. Reg. 46014 (Nov. 6, 1985). Specifically, section 274(d) provides that no deduction is allowable with respect to listed property as defined in section 280F(d)(4) unless the deduction is substantiated in accordance with the strict substantiation requirements of section 274(d) and the regulations promulgated thereunder. Included in the definition of listed property in section 280F(d)(4) is any

passenger automobile.  Sec. 280F(d)(4)(A)(i).  Cellular phones are also included in "listed property" for purposes of sections 274(d)(4) and 280F(d)(4)(A)(v) and are thus subject to the strict substantiation requirements.  Gaylord v. Commissioner, T.C. Memo. 2003-273.

Accordingly, under section 274(d), no deduction is allowable for expenses incurred with respect to listed property such as a passenger automobile on the basis of any approximation or the unsupported testimony of the taxpayer.  E.g., Golden v. Commissioner, T.C. Memo. 1993-602.  These stringent substantiation requirements are designed to encourage taxpayers to maintain records together with the documentary evidence substantiating each element of the expense to be deducted.  Sec. 1.274-5T(c)(1), Temporary Income Tax Regs., 50 Fed. Reg. 46016 (Nov. 6, 1985).

With respect to petitioner's claimed vehicle expense incident to her employment as a physician, we must decide whether this expense (or any portion thereof) is allowable under sections 162(a) and 274(d) and the regulations thereunder.

Petitioner presented evidence at trial consisting of a single page of handwritten notations as follows:

| | |
|---|---|
| Car insurance | $1,258.10 |
| Gasoline/fuel | 875.39 |
| Car maintenance | 615.60 |
| Car repairs | 267.50 |

At the bottom of this same page petitioner attached a copy of a $267.50 receipt from Coon Rapids Collision dated September 18, 2002.  There were no other receipts presented that pertained to petitioner's 2002 vehicle expenses.

As previously stated, no deduction is allowable under section 274(d) with respect to expenses incurred for a passenger vehicle on the basis of any approximation or the unsupported testimony of the taxpayer.  In addition, it is clear that, as a matter of law, a taxpayer's cost of commuting between the taxpayer's personal residence and place of employment is a nondeductible personal expense.  Commissioner v. Flowers, 326 U.S. 465, 473-474 (1946); secs. 1.162-2(e), 1.262-1(b)(5), Income Tax Regs.

As an initial matter, we are unconvinced that petitioner used the automobile for which these purported expenses were incurred for anything other than her commute from her home to the medical center and personal use.  Second, petitioner has not satisfied the strict substantiation requirements under section 274(d) for claiming such expenses.  Accordingly, because commuting to and from a workplace is nondeductible as a matter of law, and further because petitioner's one-page record does not satisfy the strict substantiation requirements of section 274(d) and section 1.274-5T(a), Temporary Income Tax Regs., supra, we

sustain respondent's disallowance of petitioner's deduction for vehicle expenses.

As previously stated, petitioner deducted the following unreimbursed employee expenses as reflected on Form 2106 accompanying her Schedule A for 2002:

| | |
|---|---:|
| Uniforms/protective clothing | $ 1,236 |
| Laundry/dry cleaning | 548 |
| Shoes, stockings, socks | 425 |
| Instrument/equipment | 704 |
| Supplies | 601 |
| Books/journals/magazines | 350 |
| Job-seeking expenses | 2,608 |
| Business gifts | 1,747 |

At trial, petitioner offered the following evidence to substantiate her claimed unreimbursed employee expenses:  (1) 13 receipts from Plaza Cleaners totaling $242.52; (2) 6 receipts from Office Max totaling $387.28; (3) 1 receipt from Sprint totaling $10.64; and (4) 11 receipts totaling $665.06 for a variety of clothing purchased from stores including J.Crew, Ann Taylor, and Macy's.  Petitioner testified that the supplies purchased at Office Max were for her patient medical records kept at home and that her dry cleaning expenses were for her work attire.  Petitioner also submitted six pages of handwritten notes wherein she listed other purported expenses, such as business gifts and job-seeking expenses.  Petitioner provided no evidence whatsoever to substantiate that she actually incurred any of the expenses annotated in these handwritten notes.

In the light of petitioner's testimony regarding her need to keep patient medical records at home and the aforementioned receipt from Office Max that petitioner provided to the Court, we hold that petitioner is entitled to a deduction of $387.28 for supplies.

With respect to the $1,236 and $425 in unreimbursed employee expenses for uniforms/protective clothing and shoes/stockings /socks, petitioner testified that she would not wear either the clothing or stockings that she wore to work outside of work, although she did admit they would be suitable for wear outside of work. Articles of clothing, including shoes, stockings, and socks are deductible under section 162(a) only if the clothing is required in the taxpayer's employment, is not suitable for general or personal wear, and is not worn for general or personal purposes. Yeomans v. Commissioner, 30 T.C. 757, 767-768 (1958). Petitioner testified that there was no dress code or uniform requirement at the medical center where she worked, and that even though she was not inclined to wear the clothing in question when she was not at work, the clothes were, in fact, suitable for general wear. In fact, petitioner acknowledged at trial that she was actually wearing some of the clothes that she purchased for work in 2002. Therefore, and on the record before us, we find that petitioner is not entitled to the deductions she claims for clothing, shoes, stockings, and socks for her 2002 taxable year,

nor is she entitled to claim dry cleaning expenses for these items. Accordingly, respondent's determination is sustained regarding the aforementioned unreimbursed employee expenses.

With respect to the $704 claimed as instrument/equipment expenses, petitioner testified that most of the amount claimed as an unreimbursed expense was for her cellular phone. A taxpayer must establish the amount of business use and the amount of total use for the property. Nitschke v. Commissioner, T.C. Memo. 2000-230; sec. 1.274-5T(b)(6)(i)(B), Temporary Income Tax Regs., 50 Fed. Reg. 46016 (Nov. 6, 1985). As previously discussed, cellular phones are included in "listed property" for purposes of section 274(d)(4), and therefore, the strict substantiation requirement applies.

Petitioner offered scant evidence regarding the claimed expenses for her cellular phone. That evidence consisted of the aforementioned $10.64 receipt from Sprint and her testimony that she often had to return patient phone calls using her cell phone. Petitioner did not offer a detailed breakdown of the personal versus business use of the cellular phone. In addition, petitioner failed to introduce any evidence to prove that the medical center required her to have a cellular phone. While petitioner did provide handwritten notations of some of the amounts that she purportedly paid to Sprint for cellular service in 2002, we do not find these notes credible or sufficient to

satisfy the strict substantiation requirements under section 274(d). Accordingly, and on the basis of the foregoing, we hold that petitioner is not entitled to deduct any cellular phone expenses under the listing of "instrument/equipment" for taxable year 2002.

Finally, and with respect to the unreimbursed employee expenses for books/journals/magazines, job-seeking expenses, and business gifts, petitioner provided no credible evidence whatsoever substantiating that she did, in fact, actually incur these costs. First, petitioner did not provide any titles of journals or books or periodicals or any documentary evidence that she actually incurred the expenses claimed. Second, and with respect to the $1,868 of job-seeking expenses disallowed by respondent, petitioner did not provide any credible evidence showing that she incurred the job-seeking expenses claimed on her 2002 return. Although petitioner did testify that she flew to New York City for interviews, she admitted that these trips were for personal pleasure and that she did not always make these trips for primarily job-seeking reasons. For example, petitioner candidly admitted that one of the trips was actually made for the purpose of attending a funeral. Finally, petitioner produced only one receipt for a bottle of cologne to substantiate the $1,747 business gifts expense included in unreimbursed business expenses on her Schedule A. We are unconvinced that the expense

for which this receipt was included was actually a business gifts expense.  Accordingly, we hold that petitioner is not entitled to claim any unreimbursed employee expenses for books/journals/ magazines, job-seeking expenses, or business gifts.

To reflect the foregoing,

<u>Decision will be entered under Rule 155</u>.