T.C. Memo. 2012-206

UNITED STATES TAX COURT

VLADIMIR M. GOROKHOVSKY, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 26093-06.                    Filed July 23, 2012.

Vladimir M. Gorokhovsky, pro se.

Frederic J. Fernandez and Mark J. Miller, for respondent.

MEMORANDUM OPINION

WELLS, Judge:  Respondent determined a deficiency in petitioner's 2003

Federal income tax of $1,456 and a deficiency in petitioner's 2004 Federal income

tax of $22,446 and an accuracy-related penalty pursuant to section 6662[1] of $4,489.20. After concessions, the issues we must decide are: (1) whether petitioner's self-generated, handwritten records are sufficient to substantiate the expenses he claimed on his Schedules C, Profit or Loss From Business, for 2003 and 2004; and (2) whether petitioner is liable for the accuracy-related penalty pursuant to section 6662 for 2004.

Background

The parties submitted the instant case fully stipulated, without trial, pursuant to Rule 122.[2] The parties' stipulations of fact are hereby incorporated by reference and are found accordingly.

At the time of filing the petition, petitioner resided in Wisconsin. Petitioner is an attorney who operates his own law practice. During 2003 and 2004, petitioner also operated his own import business. Petitioner attached separate Schedules C

---

[1]Unless otherwise indicated, section references are to the Internal Revenue Code of 1986, as amended and in effect for the years in issue, and Rule references are to the Tax Court Rules of Practice and Procedure.

[2]After the parties submitted the case pursuant to Rule 122, petitioner mailed the Court a letter that included motions to continue his trial and to take the deposition of an internal revenue agent. Those motions will be filed with the Court and will be deemed moot.

with respect to his law practice and his import business to his Federal income tax returns for 2003 and 2004.

On his 2003 Schedule C with respect to his law practice, petitioner claimed expense deductions for, inter alia, $7,904 in books, $1,344 in legal education, and $4,889 in legal and professional services. In the notice of deficiency with respect to petitioner's 2003 tax return respondent determined that petitioner was entitled to deduct none of the foregoing expenses, but he has since conceded that petitioner is entitled to deduct $1,344 in legal education expenses.

On his 2004 Schedule C with respect to his law practice, petitioner claimed expense deductions for, inter alia, $15,000 in bad debt, $28,600 in books, $10,662 in legal education, and $10,654 in legal and professional services. On his 2004 Schedule C with respect to his import business, petitioner claimed an expense deduction for, inter alia, $15,000 in bad debt. In his notice of deficiency with respect to petitioner's 2004 tax return respondent determined that petitioner was entitled to deduct none of the foregoing expenses, but he has since conceded that petitioner is entitled to deduct $10,662 in legal education expenses.[3]

---

[3]Petitioner has conceded that he is not entitled to deduct $15,000 in bad debt expenses, but it is unclear from the stipulation of settled issues whether that concession concerns the bad debt expense for his law practice or his import business. Further complicating matters, in his reply brief petitioner appears to

(continued...)

We will refer to the 2003 expenses of $7,904 and $4,889 for books and legal and professional services, respectively, and the 2004 expenses of $15,000, $15,000, $28,600, and $10,654 for bad debts, books, and legal and professional services as the disputed expenses. To substantiate the disputed expenses, petitioner submitted self-generated, handwritten expense journals and invoices. The expense journals petitioner produced show lists of payments dated by month with generalized descriptions such as "law book", "repairs", or "software". Petitioner also submitted three handwritten expense invoices, all of which are on the same page although they are not ordered chronologically (i.e., the first is dated "March 2003", the second "April 2004", and the third "Jan-Dec 2003"). Petitioner contends that all of his purchases regarding the disputed expenses were made by credit card and that he maintained credit card statements reflecting those purchases. Petitioner contends that he did not maintain his original credit card receipts because he lacked the storage space. The stipulated exhibits contain no credit card statements or receipts.

---

[3](...continued)
dispute respondent's disallowance of his bad debt expense deductions with respect to both his law practice and his import business. Accordingly, we will consider below whether petitioner is entitled to a deduction for either bad debt expense.

On November 2, 2006, respondent mailed to petitioner a timely notice of deficiency with respect to petitioner's 2003 and 2004 tax years. On December 18, 2006, petitioner filed a timely petition with this Court. The case was set for trial on March 10, 2008, at the Court's trial session in Milwaukee, Wisconsin. On December 6, 2007, petitioner filed a motion requesting that the trial be continued because of a scheduling conflict; the Court granted petitioner's motion. On September 29, 2008, the Court notified the parties that the case was again set for trial on March 2, 2009, at the Court's trial session in Milwaukee, Wisconsin.

On December 8, 2008, respondent filed a motion to show cause why proposed facts in evidence should not be accepted as established. In the motion, respondent stated that, on May 21, 2007, he had mailed petitioner a Branerton letter requesting a conference, which was held on June 11, 2007. See Branerton v. Commissioner, 61 T.C. 691 (1974). Respondent reported that after that conference he had made numerous requests, via telephone and letter, for another meeting but that he had received no response from petitioner. On December 16, 2008, the Court granted respondent's motion and ordered petitioner to file a response, by January 15, 2009, showing cause why the facts and evidence set forth by respondent should not be accepted as established.

On January 7, 2009, petitioner filed a second motion for continuance stating that his wife was pregnant and due to give birth around the date set for trial. On January 21, 2009, petitioner filed a response to the Court's order to show cause why the facts and evidence set forth by respondent in his December 8, 2008, motion should not be accepted as established. On February 9, 2009, the Court made its December 16, 2008, order to show cause absolute with respect to most of the proposed stipulations, and the Court also granted petitioner's motion for continuance.

On March 11, 2009, the parties filed a joint status report stating that they had met on January 19, 2009, and had resolved some of the issues. On March 19, 2009, the Court ordered the parties to file another status report on or before July 10, 2009. On July 1, 2009, respondent filed a status report stating that the parties had been in contact and planned to meet but that no date had been set for their conference. On July 13, 2009, the Court ordered the parties to file another status report on or before October 13, 2009. On November 3, 2009, the Court issued an order restoring the case to the general docket for trial or other disposition.

On April 9, 2010, the Court notified the parties that the case had been set for trial at the trial session commencing on September 13, 2010, in Milwaukee, Wisconsin. On August 30, 2010, petitioner filed a third motion for continuance,

stating that he would be unavailable for trial because he had recently been convicted of three counts of domestic violence and would be serving a 60-day jail sentence beginning on August 27, 2010. On September 3, 2010, the Court granted petitioner's motion.

On November 5, 2010, the Court notified the parties that the case had been set for trial at the trial session commencing on April 4, 2011, in Milwaukee, Wisconsin. On March 29, 2011, the Court held a conference call with the parties and, during that call, the parties indicated that they intended to file a motion to submit the case fully stipulated pursuant to Rule 122. On March 30, 2011, the Court issued an order striking the case from the April 4, 2011, trial session and ordering the parties to file a motion under Rule 122 on or before April 4, 2011. On March 30, 2011, the parties filed a joint motion to submit the case under Rule 122 and filed joint stipulations of settled issues and facts. In the stipulation of facts, the parties stated that petitioner would provide additional financial records to substantiate his expenses and that those additional records would be included in a supplemental stipulation of facts. In their joint motion, the parties therefore requested that the Court hold open the record for an additional 90 days.

On April 11, 2011, the Court granted the parties' motion to submit the case pursuant to Rule 122. The Court also ordered that the record would be held open

until July 7, 2011, for the parties to file a supplemental stipulation of facts. On July 11, 2011, petitioner filed a motion for extension of time to file supplemental records, stating that he needed an additional 60 to 90 days to file supplemental records because he had recently been divorced and the records he needed were in the custody of his ex-wife. On July 25, 2011, the Court granted petitioner's motion and extended the time to file a supplemental stipulation of facts to September 22, 2011. In that order, the Court advised the parties that it did not intend to grant any more extensions and that, after September 22, 2011, the record in the case would be closed.

Despite the Court's warning, petitioner filed another motion for extension of time to file supplemental records on September 29, 2011. Concluding that petitioner had demonstrated a pattern of delay, the Court denied petitioner's motion and ordered the record closed.

Discussion

We consider as a preliminary matter petitioner's contention that the burden of proof has shifted to respondent pursuant to section 7491(a). Generally, the Commissioner's determination of a deficiency is presumed correct, and the taxpayer has the burden of proving it incorrect. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). Section 7491(a)(1) provides an exception that shifts the burden of

proof to the Commissioner as to any factual issue relevant to a taxpayer's liability for tax if: (1) the taxpayer introduces credible evidence with respect to such issue and (2) the taxpayer satisfies certain other conditions, including substantiation of any item and cooperation with the Government's requests for witnesses, documents, other information, and meetings. Sec. 7491(a)(2); see also Rule 142(a)(2). Taxpayers bear the burden of proving that they have met the requirements of section 7491(a). Rolfs v. Commissioner, 135 T.C. 471, 483 (2010) affd, 668 F.3d 888 (7th Cir. 2012).

Petitioner contends that he has satisfied the requirements of section 7491(a) and that the burden of proof as to all factual issues affecting the deficiencies should be shifted to respondent. Respondent contends that the burden should not shift because petitioner has not substantiated his claimed expenses. We agree with respondent that the burden of proof remains with petitioner because, as we explain below, we conclude that petitioner failed to substantiate his reported expenses.

Deductions are a matter of legislative grace, and taxpayers generally bear the burden of proving their entitlement to the deductions they claim. Sec. 6001; INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992). Section 162(a) permits "as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business". To be deductible, ordinary and

necessary expenses must be "directly connected with or pertaining to the taxpayer's trade or business". Sec. 1.162-1(a), Income Tax Regs. Additionally, section 212 generally allows the deduction of ordinary and necessary expenses paid or incurred during the tax year for the production or collection of income. Such expenses must be reasonable in amount and bear a reasonable and proximate relationship to the production or collection of taxable income. Sec. 1.212-1(d), Income Tax Regs.

To be deductible, such expenses generally must be substantiated. See Hradesky v. Commissioner, 65 T.C. 87 (1975), aff'd per curiam, 540 F.2d 821 (5th Cir. 1976); see also sec. 6001; sec. 1.6001-1(a), Income Tax Regs. A taxpayer must keep records sufficient to establish the amounts of the expenses reported on his return. Sec. 6001; sec. 1.6001-1(a), (e), Income Tax Regs. In the event that a taxpayer establishes that a deductible expense has been paid but is unable to substantiate the precise amount, we generally may estimate the amount of the deductible expense, bearing heavily against the taxpayer whose inexactitude in substantiating the amount of the expense is of his own making. Cohan v. Commissioner, 39 F.2d 540, 543-544 (2d Cir. 1930). However, we generally will not estimate a deductible expense unless the taxpayer presents sufficient evidence to

provide some basis upon which an estimate may be made. <u>Vanicek v. Commissioner</u>, 85 T.C. 731, 743 (1985).

Petitioner contends that his self-generated, handwritten expense logs are sufficient to substantiate the disputed expenses. He contends that, pursuant to rule 1004 of the Federal Rules of Evidence, such records are admissible. However, respondent does not dispute the admissibility of petitioner's records; rather, respondent contends that those records do not adequately substantiate petitioner's expenses.

In other cases we have repeatedly concluded that self-generated or nonitemized receipts or expense records are insufficient to substantiate expenses. <u>See, e.g.</u>, <u>Robinson v. Commissioner</u>, T.C. Memo. 2011-99 (holding that the taxpayer's self-generated expense logs, nonitemized receipts, and nonitemized credit card statements were insufficient to substantiate claimed expenses); <u>Good v. Commissioner</u>, T.C. Memo. 2008-245 (holding that the taxpayers' self-generated computer records and testimony were insufficient to substantiate claimed expenses); <u>Gaylord v. Commissioner</u>, T.C. Memo. 2003-273 (holding that the taxpayer's nonitemized receipts and self-generated receipts were insufficient to substantiate claimed expenses). As noted above, petitioner failed to produce any receipts, credit card statements, canceled checks, or any other item generated by a third party that

would substantiate any of the disputed expenses. Although petitioner repeatedly contended that he had credit card statements in his possession substantiating those expenses, after repeated delays over the course of several years he failed to produce those statements. We conclude that the self-generated, handwritten records petitioner submitted are insufficient to show either that petitioner paid the claimed expenses or that those expenses are deductible business expenses.

Additionally, we note, with respect to petitioner's bad debt expenses, that even had petitioner established that he had uncollected receivables, he failed to establish that he took steps to enforce collection or that taking such steps would have been futile. Without such evidence, a debt generally is not regarded as wholly worthless. Perry v. Commissioner, 22 T.C. 968, 974 (1954); John v. Commissioner, T.C. Memo. 2004-257. Moreover, because petitioner used the cash method for reporting income and expenses, fees for services that remain unpaid have not been included in his income. Such debts do not constitute "bad debts" within the meaning of section 166 for which a deduction for worthlessness may be claimed. Gertz v. Commissioner, 64 T.C. 598, 600 (1975); Crosson v. Commissioner, T.C. Memo. 2003-170; see sec. 1.166-1(e), Income Tax Regs.

Finally, we consider whether petitioner is liable for the accuracy-related penalty pursuant to section 6662 with respect to his 2004 tax liability. Section 6662(a) imposes an accuracy-related penalty of 20% of any underpayment that is attributable to causes specified in subsection (b), including a "substantial understatement of income tax" or "[n]egligence or disregard of rules or regulations."

There is a "substantial understatement" of income tax for any tax year where the amount of the understatement exceeds the greater of 10% of the tax required to be shown on the return for the tax year or $5,000. Sec. 6662(d)(1)(A). However, the amount of the understatement may be reduced by any portion of the understatement attributable to any item for which there was substantial authority for the taxpayer's treatment, or with respect to which the relevant facts were adequately disclosed on the taxpayer's return and there was a reasonable basis for the taxpayer's treatment. Sec. 6662(d)(2)(B).

Section 6662(a) and (b)(1) also imposes a penalty for negligence or disregard of rules or regulations. Under section 6662(c), "negligence" is "any failure to make a reasonable attempt to comply with the provisions of this title". We have defined negligence as "a lack of due care or a failure to do what a reasonable and prudent person would do under the circumstances." Bunney v. Commissioner, 114 T.C.

259, 266 (2000). Failure to maintain adequate books and records or to substantiate items properly constitutes negligence. Sec. 1.6662-3(b)(1), Income Tax Regs. A taxpayer is considered to have disregarded rules or regulations even if such disregard is "careless," meaning that the taxpayer "does not exercise reasonable diligence to determine the correctness of a return position that is contrary to the rule or regulation." Sec. 1.6662-3(b)(2), Income Tax Regs.

Generally, the Commissioner bears the burden of production with respect to any penalty, including the accuracy-related penalty. Sec. 7491(c); Higbee v. Commissioner, 116 T.C. 438, 446 (2001). To meet that burden, the Commissioner must come forward with sufficient evidence indicating that it is appropriate to impose the relevant penalty. Higbee v. Commissioner, 116 T.C. at 446. The Commissioner has the burden of production only; the ultimate burden of proving that the penalty is not applicable remains on the taxpayer. Id. On the basis of the stipulated evidence, we conclude that respondent has met his burden of production with respect to the accuracy-related penalty.

Respondent contends that petitioner is liable for the penalty pursuant to section 6662 for 2004 because he both substantially understated his income tax and was negligent. Although the amount of petitioner's 2004 tax liability will be

reduced because of respondent's concessions, respondent anticipates that even after the Rule 155 calculations, petitioner's understatement will still exceed the greater of $5,000 or 10% of the tax required to be shown on the return. To the extent that it does, we conclude that petitioner is liable for the section 6662(a) and (b)(2) penalty for a substantial understatement of income tax. Additionally, we conclude that because petitioner failed to maintain records sufficient to substantiate the disputed expenses, he was negligent and is therefore liable for the section 6662(a) and(b)(1) penalty for negligence.

Petitioner has the burden of proof regarding whether any portion of the understatement should be reduced pursuant to section 6662(d)(2)(B), but he did not address the issue or present any evidence showing that the understatement should be reduced. Accordingly, we conclude that petitioner has failed in his burden of proof, and we therefore hold that petitioner is liable for the section 6662 penalty.

In reaching these holdings, we have considered all the parties' arguments, and, to the extent not addressed herein, we conclude that they are moot, irrelevant, or without merit.

To reflect the foregoing,

Decision will be entered under

Rule 155.
