NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued September 19, 2013
Decided October 22, 2013

**Before**

DANIEL A. MANION, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 13-1110

| | |
|---|---|
| VLADIMIR GOROKHOVSKY,<br>   *Petitioner-Appellant*, | Appeal from the United States Tax Court. |
|   *v.* | No. 26093-06 |
| COMMISSIONER OF INTERNAL REVENUE,<br>   *Respondent-Appellee*. | Thomas B. Wells,<br>*Judge*. |

## O R D E R

Vladimir Gorokhovsky, the former operator of a solo law practice and an import business in Wisconsin, claimed thousands of dollars in bad debt and business expense deductions for the tax years 2003 and 2004. When the Internal Revenue Service mailed him a notice of deficiency, Gorokhovsky took his case to Tax Court. Once there, he stalled. Through negotiations with the IRS and through a series of continuance requests—some

more justified than others—Gorokhovsky succeeded in putting the matter off for more than five years. In the end, he still failed to substantiate the lion's share of his claimed deductions with anything other than self-generated, handwritten notes. The Tax Court predictably found Gorokhovsky's meager showing insufficient and disallowed the challenged deductions. It also upheld the assessment of an accuracy-related penalty. Gorokhovsky's *pro se* appeal rests on little more than false statements about the contents of the record, and we affirm.

We are concerned here with deductions claimed by Gorokhovsky in connection with his law practice—and not his import business—for the tax years 2003 and 2004. Gorokhovsky's 2003 Schedule C claimed deductions for, *inter alia*, $7,904 in books, $1,344 for legal education, and $4,889 for legal and professional services. His 2004 Schedule C claimed deductions for $15,000 in bad debts, $28,600 in books, $10,662 for legal education, and $10,654 for legal and professional services. Following an audit, the IRS disallowed these deductions. Accordingly, on November 2, 2006, the IRS mailed a Notice of Deficiency to Gorokhovsky informing him that he owed $1,456 in unpaid taxes for 2003 and $22,446 in unpaid taxes for 2004. The Notice also explained that an accuracy-related penalty of $4,489.20 would be assessed for the tax year 2004.

On December 18, 2006, Gorokhovsky filed a timely petition to contest the Notice of Deficiency in Tax Court. The Tax Court properly took jurisdiction of the matter pursuant to 26 U.S.C. §§ 6213(a), 6214, and 7442. While the case was pending, the parties resolved certain issues through negotiation. (R. 29). Specifically, the IRS conceded the validity of the deductions corresponding to $1,344 in legal education expenses for the tax year 2003 and $10,6662 in legal education expenses for the tax year 2004. In return, Gorokhovsky conceded that the 2004 bad debt deduction in the amount of $15,000 was invalid.[1] The parties further agreed to submit the matter to trial on the facts as stipulated, consistent with Tax Court Rule 122.[2] (R. 30).

For years, what progress was made on the case was limited to the aforementioned stipulations. Gorokhovsky sought and received multiple continuances, citing medical

---

[1]    The Tax Court was unable to ascertain whether Gorokhovsky's stipulation concerning the "bad debts" related to his 2004 Schedule C for his law practice or his 2004 Schedule C for his import business, which claimed an identical deduction. As a result, the court assessed the validity of the claim in spite of his concession, and disallowed the deduction.

[2]    Rule 122 of the Tax Court Rules of Practice and Procedure allows, *inter alia*, for the parties to submit the case for determination without trial on the basis of stipulated facts. TAX CT. R. 122(a). It has no effect on the burden of proof or on any other applicable evidentiary rules or presumptions. TAX CT. R. 122(b).

concerns, family issues, and a period of incarceration following his conviction for domestic battery. (R. 6; R. 11; R. 23). When the parties finally submitted their Rule 122 stipulation of facts on March 30, 2011, they also requested that the Tax Court leave the record open for an additional 90 days so that Gorokhovsky could locate and submit third-party records to substantiate his expenses—records which he had occasionally referenced, without producing, for approximately five years. (R. 28; R. 30).

The Tax Court granted the additional time, but Gorokhovsky did not do his part. Instead, on July 11, 2011, he filed yet another motion for an extension, asking for yet more additional time within which to locate and submit supplemental records. (R. 32). He had recently divorced, and he claimed that his ex-wife had custody of the records he needed.[3] (R. 32). The Tax Court once more granted Gorokhovsky's request, giving him until September 22, 2011, to file a supplemental stipulation of facts. (R. 35). But the court made clear that no further continuance requests would be entertained.

Despite the court's warning, on September 29, 2011—after the previous extension had already expired—Gorokhovsky filed a new extension request. (R. 36). He reiterated the same unpersuasive rationale, but the Tax Court had heard enough. The IRS opposed the petitioner's request, and the Tax Court denied it, finding a pattern of delay. (R. 39). The court ordered the record closed and proceeded to resolve the issues.

In a memorandum opinion issued July 23, 2012, the Tax Court upheld the IRS's determinations with respect to the issues remaining in dispute. *Gorokhovsky v. C.I.R.*, 104 T.C.M. (CCH) 87, 2012 WL 3010569 (U.S. Tax Ct. 2012). The court explained that the taxpayer claiming a deduction generally bears the burden of proof, and that the burden only shifts with respect to any factual issue underlying a tax liability determination when the taxpayer introduces "credible evidence" and complies with other recordkeeping and substantiation requirements. Since Gorokhovsky's self-generated, handwritten records fell woefully short of that threshold with respect to all of the claimed deductions at issue, including both bad debts and business expenses, the burden never shifted, and he failed to discharge it in the first instance. 2012 WL 3010569 at *3-5. The Tax Court also upheld the assessment of an accuracy-related penalty under 26 U.S.C. § 6662 because the petitioner both substantially and negligently understated his tax liability for 2004. *Id*. at *5-6.

---

[3]     This strikes us as an odd excuse. The records which Gorokhovsky sought were purportedly generated by his credit card company and/or financial institution. It is not at all clear why he could not simply obtain *new* copies from those third parties at some point within the preceding five years, even if his own copies were lost or, worse, held hostage by a disgruntled former spouse.

On appeal, Gorokhovsky does not challenge the portion of the Tax Court opinion concluding that he was not entitled to a bad debt deduction. Between the stipulation below, the Tax Court's capable determination of the matter, and Gorokhovsky's waiver at this level, we deem that issue conclusively resolved. *See* 2A FED. PROC., L. ED. § 3:750 (2013) ("Generally, an issue not raised at all in the appellant's opening brief is treated as waived or abandoned") (collecting cases). Gorokhovsky does challenge the Tax Court's handling of the claimed business expense deductions, but in that respect, he has done little more than rehash the burden-shifting arguments rejected by the Tax Court, vacillating confusedly between claiming that the self-generated records he submitted were *themselves* sufficient to shift the evidentiary burden to the IRS and claiming that he actually *did* submit supplemental third-party records to the Tax Court. The former claim is demonstrably wrong. The latter is simply false.

We apply different standards of review to different components of the Tax Court's decision. The Tax Court's conclusion as to whether or not the taxpayer produced evidence sufficient to shift the burden of proof to the Commissioner under section 7491 is a legal one, subject to *de novo* review. *Blodgett v. C.I.R.*, 394 F.3d 1030, 1035 (8th Cir. 2005). But that legal determination in turn depends upon the Tax Court's construction of the facts, such as whether the evidence produced by the petitioner is credible, and whether it is sufficient to substantiate a claimed deduction. Our review of the factual determinations underlying the court's conclusion is much more deferential. *See, e.g., Beulow v. C.I.R.*, 970 F.2d 412, 415 (7th Cir. 1992) ("The tax court's determination that a taxpayer has failed to come forward with sufficient evidence to support a deduction is a factual finding subject to reversal only if found to be clearly erroneous"). This is especially so when the Tax Court decides an issue of credibility. *See Anderson v. City of Bessemer City*, 470 U.S. 564, 575 (1985) (stating that a fact finder's determination on credibility can virtually never be considered clearly erroneous); *Blodgett*, 394 F.3d at 1035 ("When the tax court's fact finding is based on a credibility determination, such finding is nearly unreviewable.") (citing *Id*.). In this case, it makes little difference. Gorokhovsky would lose under any standard of review.

Deductions are a matter of legislative grace, and taxpayers generally bear the burden of proving their entitlement to the deductions they claim. *See* 26 U.S.C. § 6001; *INDOPCO, Inc. v. C.I.R.*, 503 U.S. 79, 84 (1992). As a corollary proposition, the Commissioner's determination of a deficiency is presumed to be correct, and the taxpayer bears the burden of proving it incorrect. *Welch v. Helvering*, 290 U.S. 111, 115 (1933). Section 7491(a)(1) of the Tax Code provides an exception which shifts the burden of proof to the Commissioner if: (1) the taxpayer introduces credible evidence with respect to such issue and (2) the taxpayer satisfies certain other conditions, including substantiation of any item and cooperation with the Government's requests for witnesses, documents, other information, and meetings. 26

U.S.C. § 7491(a)(2); TAX CT. R. 142(a)(2). Taxpayers bear the burden of proving that they have met the requirements of section 7491(a). *Rolfs v. C.I.R.*, 135 T.C. 471, 483, 2010 WL 4366561 (2010) (citations omitted), *aff'd*, 668 F.3d 888 (7th Cir. 2012).

Gorokhovsky believes he is entitled to burden-shifting under section 7491(a). The Tax Court held otherwise because business expense deductions generally must be substantiated, meaning the taxpayer must keep records sufficient to establish the amounts of the expenses reported on his return. 26 U.S.C. § 6001; *Hradesky v. C.I.R.*, 65 T.C. 87 (U.S. Tax Ct. 1976), *aff'd per curiam*, 540 F.2d 821 (5th Cir. 1976). And where the taxpayer is required by the Internal Revenue Code to substantiate a claimed deduction, section 7491(a) applies only if the taxpayer actually does so. *See* 26 U.S.C. § 7491(a)(2)(A). Gorokhovsky did not do so. The only records he submitted to substantiate his claimed expenses were self-generated, handwritten, and bore other indicia of unreliability. The Tax Court cited several analogous cases to support the relatively basic proposition that "self-generated or non[-]itemized receipts or expense records are insufficient to substantiate expenses." *Gorokhovsky*, 2012 WL 3010569 at *4 (citing *Robinson v. C.I.R.*, 101 T.C.M. (CCH) 1473 (U.S. Tax Ct. 2011) (holding that the taxpayer's self-generated expense logs, non-itemized receipts, and non-itemized credit card statements were insufficient to substantiate claimed expenses); *Good v. C.I.R.*, 96 T.C.M. (CCH) 296 (U.S. Tax Ct. 2008) (holding that the taxpayers' self-generated computer records and testimony were insufficient to substantiate claimed expenses); *Gaylord v. C.I.R.*, 86 T.C.M. (CCH) 385 (U.S. Tax Ct. 2003) (holding that the taxpayer's non-itemized receipts and self-generated receipts were insufficient to substantiate claimed expenses)). That settles the matter; Gorokhovsky's showing was not credible and was insufficient, despite the fact that he was given more than five years to collect supplemental evidence.

Gorokhovsky attempts to stave off the inevitable with a claim that the records he submitted were, in fact, sufficient to substantiate the claimed deductions. Inexplicably, his argument seems to hinge on Federal Rule of Evidence 1004, which provides:

> An original is not required and other evidence of the content of a writing, recording, or photograph is admissible if:
>
> (a)    all the originals are lost or destroyed, and not by the proponent acting in bad faith;
>
> (b)    an original cannot be obtained by any available judicial process;
>
> (c)    the party against whom the original would be offered had control of

> the original; was at that time put on notice, by pleadings or otherwise, that the original would be a subject of proof at the trial or hearing; and fails to produce it at the trial or hearing; or
>
> (d)     the writing, recording, or photograph is not closely related to a controlling issue.

FED. R. EVID. 1004. Rule 1004 is completely irrelevant. Even if Gorokhovsky could satisfy the rule's requirements, Rule 1004 deals only with the circumstances under which non-original documentary evidence may be *admitted* into evidence. Gorokhovsky's self-generated records *were* admitted, and therefore he has nothing to gain by invoking the rule. On the other hand, Rule 1004 has nothing to say about how much weight any such evidence must be accorded by the finder of fact. The Tax Court, relying on multiple precedents, accorded Gorokhovsky's records little to none. Gorokhovsky provides us with no reason to second-guess that decision.

Gorokhovsky's second line of defense appears to be making false statements about the evidence he submitted. At various points in his brief, he claims he did submit third-party records. (Dkt. 20 at 6 (claiming that he submitted "bank card statements"); at 10 (claiming that he submitted "credit card statements" and "bank card statements").) He seemed to make similar claims at oral argument. In any event, it is not true. There are no third-party documents in the evidentiary record, so this argument cannot possibly save Gorokhovsky's case. The Tax Court was correct to uphold the IRS determination of deficiency with respect to the challenged business expense deductions.

The only remaining issue is the Tax Court's assessment of an accuracy-related penalty pursuant to 26 U.S.C. § 6662. Gorokhovsky's argument against it is derived entirely from his assertion that the underlying determination of liability was erroneous. Since we have found that the underlying determination of liability was *not* erroneous, we find no error in the Tax Court's assessment of an accuracy-related penalty for the tax year 2004, as adequately justified in its memorandum opinion. We affirm in all respects.

**AFFIRMED.**